**DINWIDDIE CONSTRUCTION COMPANY, Plaintiff,**

v.

**DEPARTMENT OF INSURANCE, STATE OF CALIFORNIA; and the Workers' Compensation Insurance Rating Bureau, Defendants.**

**No. C–89–4207 DLJ.**

United States District Court, N.D. California.

May 31, 1990.

590

Vincent J. Chiarello of Morrison & Foerster, San Francisco, Cal., for plaintiff.

U.S. Deputy Atty. Gen. Miles Washington, San Francisco, for defendant Dept. of Ins.

Richard C. Cole of LeBoeuf, Lamb, Leiby & MacRae, San Francisco, for defendant the Workers' Compensation Ins. Rating Bureau.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

JENSEN, District Judge.

The Court heard the parties' cross-motions for summary judgment on April 4, 1990. Appearing for plaintiff was Vincent J. Chiarello of Morrison & Foerster. Appearing for defendant Department of Insurance ("Department") was Deputy Attorney General Miles Washington. Appearing for defendant The Workers' Compensation Insurance Rating Bureau ("Bureau") was Richard C. Cole of LeBoeuf, Lamb, Leiby & MacRae.

After review of the briefs submitted by the parties, the oral argument of counsel, and the applicable legal standard, the Court hereby GRANTS summary judgment in favor of defendants.

## I. BACKGROUND

Plaintiff is a licensed general contractor and employer whose premiums for workers' compensation insurance are set by defendant Department of Insurance, a function delegated by the Department to defendant Bureau. Under a statutory program entitled the California Experience Rating Plan ("CERP"), Cal.Code Regs. Title 10 § 2353, an employer's premium may be increased or reduced in consideration of loss experience.

Plaintiff anticipated a loss experience reduction in its premiums of 45%, to take effect on December 1, 1988. However, in September 1988, plaintiff made a transfer of 100% of its common stock, which transfer implicated CERP Rule 8 (since superseded).[1] Rule 8 as applicable at the time of plaintiff's rate setting eliminated consideration of past experience in setting employer premiums where a material change of ownership had occurred, specifically transfer of more than 50% of the employer's issued voting stock. CERP Rule 8(c)(2). In view of this rule and the conceded change of ownership, there was no reduction in plaintiff's workers' compensation insurance premium.

The Complaint seeks a declaration that Rule 8(c)(2) is unconstitutional as violating the Due Process (Claim One) and Equal Protection (Claim Two) Clauses of the Fourteenth Amendment. Plaintiff also seeks injunctive relief and compensatory damages.

## II. DISCUSSION

### A. Standard for Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law."

In a motion for summary judgment, "[i]f the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided

---

1. Effective January 1, 1990, CERP § III(8) was superseded by a rule permitting consideration of past experience even in view of a change of ownership, if certain conditions are met. Plaintiff argues that new Rule 8, if in effect at the time it requested rate modification, would have preserved the rate modification sought. As will be discussed below, defendants' later adoption of a rule more favorable to plaintiff has no dispositive relevance to these cross motions.

in Rule 56, '*specific facts* showing that there is a genuine issue for trial.'" *T.W. Electric Service, Inc. v. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1983); *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103–04 (9th Cir.), *cert. denied*, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986)) (emphasis in original). When judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the nonmoving party. *T.W. Electric*, 809 F.2d at 630–31 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). Summary judgment may issue "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 106 S.Ct. at 2552. The standard for judging either a defendant's or plaintiff's motion for summary judgment is the same standard used to judge a motion for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

### B. The Merit Rating System Statutory Scheme

The California Constitution vests in the Legislature "plenary power, unlimited by any provision of this Constitution, to create, and enforce a complete system of workers' compensation ...". Cal.Const. Art. 14, § 4. Among the express legislative powers of creating and enforcing this system are "full provision for regulating such insurance coverage in all its aspects, including the establishment and management of a State compensation insurance fund ... and full provision for vesting power, authority and jurisdiction in an administrative body with all the requisite governmental functions ...". *Id.*

Under this plenary power, the legislature has provided that the Commissioner of Insurance may classify risks and set rates using a "merit rating system," Cal.Ins. Code § 11732, in which "experience of the particular insured is used as a factor in raising or lowering his rate." *Id.* § 11730. If such a system is used, it must be uniformly applied to all insurers. *Id.* § 11732. Pursuant to this authority, the Insurance Commissioner promulgated the California Experience Rating Plan ("CERP"), which is codified at Cal.Code Regs., Title 10, § 2353.

CERP is implemented by a rating organization, as defined and licensed under Ins. Code §§ 11750–11759, in this action named defendant The Workers' Compensation Insurance Rating Bureau ("Bureau"). Section III of CERP directs that "experience of a risk" shall be used to set and modify the rate for an individual policy for an "experience period" of three years. CERP § III(2)–(3). Premium reductions for loss experience, therefore, cannot be granted unless a three-year "experience period" has run.

The rule challenged in this action is former CERP § III(8), which by its terms overrides the experience rating provision of § III(3):

> For the purposes of this Rule management is considered to be vested in ownership. Except as specifically provided otherwise herein, ownership whether active or inactive, governs the administration of this rule ... [If] the change is denominated 'material', the past experience shall be disregarded and the risk written at Manual rates until it qualifies anew for experience rating.

### C. Constitutional Claims

1. Rationality of CERP Rule 8.

■ Agency rules promulgated pursuant to statutes which regulate economic activity are subject to review under a rationality standard, which directs that they be upheld if they bear a rational relationship to a

legitimate state interest. *Williamson v. Lee Optical Co.*, 348 U.S. 483, 488, 75 S.Ct. 461, 464, 99 L.Ed. 563 (1955); *Burlington Northern R. Co. v. Dep't of Public Serv.*, 763 F.2d 1106, 1109 (9th Cir.1985). "[O]nly rationality, not a perfect relation is required." *Burlington Northern*, 763 F.2d at 1110. To prevail on its claim, Dinwiddie bears a burden of showing that Rule 8 is based on legislative facts which could not reasonably be true, or that CERP manifests an irrational approach to a merit rating system. *Id.* at 1111.

Dinwiddie attempts to meet its burden primarily by relying on due process requirements articulated in *Vlandis v. Kline*, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), relating to statutory presumptions. *Vlandis* held unconstitutional an "irreversible and irrebuttable statutory presumption" that a student who applied to a state school from an address out-of-state remained classified as a non-resident subject to substantially higher tuition for the entire period of attendance at the state school. *Id.* at 445, 93 S.Ct. at 2233. Dinwiddie argues that Rule 8 fails to meet the *Vlandis* two-prong test: (1) whether the denial of a preferential rate relies on a presumption "not necessarily or universally true in fact;" and (2) whether "the State has reasonable alternative means of making the crucial determination." *Id.* at 452, 93 S.Ct. at 2236. Thus, Dinwiddie argues, prior Rule 8 was unconstitutional because (1) it was not necessarily or universally true that change of ownership would change loss experience and (2) a reasonable alternative was available in the form of the later-adopted Rule 8 which did not automatically disregard loss experience after a change of ownership.[2] However, the *Vlandis* rule has been narrowed by subsequent Supreme Court decisions, so that on these facts it cannot mandate a determination that former Rule 8 did not meet the test for rationality.

*Vlandis* has been modified by *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 2469, 45 L.Ed.2d 522 (1975). In *Salfi* the Supreme Court focused the *Vlandis* rule.

Specifically, *Salfi* held that a Social Security rule requiring a stated duration of relationship to qualify for survivors' benefits was not invalid on *Vlandis* grounds, noting that "the benefits here are available upon compliance with an objective criterion, one which the Legislature considered to bear a sufficiently close nexus with underlying policy objectives to be used as the test for eligibility." 95 S.Ct. at 2470. That is to say, the statute in *Salfi* does not guarantee the benefit for all persons who stand in a certain relationship to the deceased; rather, the benefit is only for those standing in a certain relationship who meet *all* its objective criteria.

Similarly, CERP, viewed as a whole, may be seen not to guarantee a rate adjustment to all employers who show acceptable past experience, but only to those employers with a certain experience who meet the objective criteria of the Plan. A requirement of ownership duration as a condition of obtaining a rate adjustment based on past experience is one which the Department could rationally view as bearing a sufficiently close nexus with the policies of a merit rating system to be used as a prerequisite to rate adjustment.

Furthermore, *Vlandis* and its kin relate to social welfare legislation, which implicates basic human economic needs "far more precious ... than property rights." *May v. Anderson*, 345 U.S. 528, 533, 73 S.Ct. 840, 843, 97 L.Ed. 1221 (1953), *quoted in Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 2469, 45 L.Ed.2d 522 (1975). These cases still acknowledged the longstanding rule that an economic classification is constitutional if it has a reasonable basis, though imperfect. That rule was set in precedents clearly involving state regulation of business or industry, which, the Supreme Court noted, was the proper context for a standard "that is true to the principle that the Fourteenth Amendment gives the federal courts no power to impose upon the States their views of what constitutes wise economic or social policy." *Dandridge v. Williams*, 397 U.S. 471, 485–

---

**2.** See Note 1, above.

86, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970).

Thus, the policy underlying *Vlandis* is absent in the present case, involving as it does the state's plenary power to set workers' compensation insurance rates, an economic regulation. Under the existing precedents properly applied, Rule 8 is clearly rational and related to a legitimate state goal.

*Burlington Northern, supra,* provides the rule for this case. The Montana Legislature had enacted a regulation in 1969 requiring that railroads maintain and staff station facilities in towns with a population of 1,000 or more. 763 F.2d at 1108–09. Burlington Northern filed petitions seeking to close or consolidate stations on the basis that modernization of railroad operations had reduced the need for farflung freight agents, and that the requirement had become economically wasteful. The state Public Service Commission dismissed the petitions without a hearing, purely on the basis that the towns where operations were sought to be closed each had a population of 1,000 or more. *Id.*

As does Dinwiddie here, Burlington Northern challenged the regulation as violative of substantive due process, procedural due process, and equal protection. The district court granted the state's motion for summary judgment, upholding the constitutionality of the regulation, and the Ninth Circuit affirmed. *Id.* at 1108. After discussing the proper burden to challenge a state's regulation of economic activity and the underlying rationality of the Montana scheme, the Ninth Circuit addressed each of Burlington Northern's theories, and its ruling frames the Court's consideration of these cross-motions.

2. Substantive Due Process.

Plaintiff's substantive due process claim is not clearly articulated. The First Claim for Relief in the Complaint is simply styled as "Due Process" and rests entirely on the "irrebuttable presumption" argument discussed above. As already discussed, an employer's workers' compensation insurance premium does not implicate a funda-

mental right akin to basic human economic needs. Therefore, it is questionable whether Dinwiddie has adequately alleged a violation of substantive due process; the "fundamental right to be heard" argued in its Memorandum Supporting Motion for Partial Summary Judgment is clearly a procedural due process issue and is addressed below.

▮ To the extent that economic regulations may implicate fundamental rights, the substantive limits on a state's power of economic regulation are found where the state requires a business to engage in activities which result in economic waste and are merely incidental to the state's interest in regulation. *See Burlington Northern,* 763 F.2d at 1112 (and citations therein). While a higher workers' compensation insurance premium may reduce Dinwiddie's income, state regulations which increase the cost of doing business do not implicate substantive due process absent any evidence that the business's operations are threatened by compliance. *Id.* Dinwiddie has offered no evidence of the degree of harm sustained by its operations in maintaining the same premium rate for an additional three years rather than reducing its rate by 45%. Because this would be its burden to succeed at trial, Dinwiddie has failed to raise an issue sufficient to survive summary judgment.

3. Procedural Due Process.

▮ Nor is there any evidence of a denial of procedural due process in this case. "An irrebuttable presumption is not per se unconstitutional and does not demand an individualized hearing so long as it is rational. [Citations]." *Burlington Northern,* 763 F.2d at 1113. No provision for a hearing with a particularized inquiry to replace a legislative determination is necessary for economic regulations. *Id.*

▮ Dinwiddie admits that it did in fact receive a hearing but alleges that the hearing was meaningless in determining its eligibility for the rate adjustment, citing *Brady v. Gebbie,* 859 F.2d 1543, 1555 (9th Cir.1988). However, the plaintiff in *Brady*

was a state medical examiner who was entitled to a hearing because he had a liberty interest implicated in public charges of dishonesty leading to his suspension. *Id.* at 1551–53. In order to prevail on its procedural due process claim, Dinwiddie would initially have to prove that it had a property interest in a rate adjustment based on past experience. In view of the state's plenary power to set insurance rates, no such right can be shown as long as the minimum rate is uniformly applied. Therefore, Dinwiddie was not entitled to a hearing on any basis other than the Department's own procedure.

Further, Dinwiddie concedes that it was afforded two administrative hearings, at which it received usual procedural protections such as representation by counsel; ability to call witnesses; and ability to submit oral and documentary evidence; cross-examining witnesses; and argument on its claims. Dinwiddie's Response to Statement of Undisputed Facts Supporting Defendants' Cross–Motion for Summary Judgment ¶¶ 13–14. These procedural safeguards were ample to protect Dinwiddie's rather minimal interest in obtaining its rate adjustment for the new three-year period. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

Therefore, Dinwiddie cannot succeed on its claim that Rule 8 functioned to deny it procedural due process.

4. Equal Protection.

■ Dinwiddie's theory of violation of Equal Protection is that, because the Bureau has no procedure in place to reliably monitor trades in shares of public companies, Rule 8 is applied to privately held, but not publicly held corporations. Summary judgment on this claim is proper at this time because Dinwiddie has presented no evidence that any publicly traded employer has been exempted from application of Rule 8. Defendants, by contrast, present testimony that Rule 8 has been applied to public corporations. Therefore, Dinwiddie has failed to meet its burden to survive summary judgment.

■ Even if some de facto exemption for publicly traded corporations were shown, state regulation which affects only economic and not fundamental interests satisfies Equal Protection if a classification scheme has a relation to the regulatory purpose and does not result in invidious discrimination. *Burlington Northern,* 763 F.2d at 1113.

■ The absence of rules assuring the application of Rule 8 to publicly traded corporations is a practice falling squarely under the protection of *Williamson v. Lee Optical Co.,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955), that a legislature may address differently perceived evils in the same field in different ways without offending the Constitution. To prevail in this action, defendants would have only to show that there was some relation between continuous ownership of private corporations and merit rating for workers' compensation insurance. The record is sufficient to indicate that such a relation exists.

### III. CONCLUSION

For all of these reasons, plaintiff's motion for partial summary judgment is DENIED, and summary judgment in favor of defendants in this action in its entirety is GRANTED.

IT IS SO ORDERED.